UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANN MINOR,

        Plaintiff,

v.                                           Case No. 17-cv-1806-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT BY JUNE 15, 2018 OR FACE DISMISSAL**

On December 29, 2917, the plaintiff—representing herself—filed a complaint for review of a final decision by the Commissioner of the Social Security Administration, dkt. no. 1, and a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2.

In order to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

In her application to proceed without prepaying the filing fee, plaintiff indicates that she is employed and has two dependents, but states that she does not contribute to their support. Dkt. No. 2 at 1. She receives $4500 per month from Milwaukee Transport Services, and an additional $892 per month in death benefits from the Social Security Administration. Id. at 2. The plaintiff

1

has the following monthly expenses: $924.57 (mortgage), $330.53 (car), $421 (credit card), $1,748 (other household expenses), $55 (union dues), $1,500 (student loans) and $531 (unsecured loans). Id. According to the plaintiff, then, her monthly expenses exceed her income by $1,010.10. Id. at 3. The plaintiff owns a Buick Verano valued at $16,000, and owns a home valued at $76,000 but has no equity in it. Id. The plaintiff has $15,000 in a retirement account. Id. at 4. It appears that the plaintiff would struggle to pay the filing fee, and thus that she satisfies the first condition for the court to waive the filing fee.

The court cannot determine from the plaintiff's complaint, however, whether she satisfies the second condition—whether she is able to state a claim upon which the court can grant relief. Title 42 U.S.C. §405(g) allows a person to seek district court review of a final decision of the Commissioner of Social Security. In conducting such a review, the court looks at whether the Commissioner used the correct legal standards and supported the decision with substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff alleges that her condition and the side of effects of losing her eyesight in her right eye occurred in September of 2013. Dkt. No. 1. She says that her condition is neither "better or worse" since the onset of the disease, but that the condition prevents her from living a "full, active life." Id. The plaintiff does not say whether she filed a claim for disability benefits with the Social Security Administration. She does not say whether she received a decision from an administrative law judge or a notice of determination from the

appeals council, even though the complaint form requests that information. <u>Id.</u> at 3.

It appears possible that the plaintiff believes that, by filing this complaint, she is *applying* for Social Security disability benefits. If this is what she believes, she is mistaken. A person who wants to apply for disability must do so through the Social Security Administration. <u>See</u> https://www.ssa.gov/benefits/disability. Only after that person has gone through the application process and been turned down by the Commissioner of Social Security may the person file an appeal to the United States District Court.

If the court is wrong, and the plaintiff does mean to appeal from a decision issued by the Commissioner of Social Security, then she needs to amend her complaint and provide the court with that information. She needs to fill in all of the information in section B of page 4 of the complaint. The court will give the plaintiff an opportunity to amend her complaint indicating whether she filed a claim for disability benefits, when she received the final decision of the Commissioner, and how she believes the Commissioner erred in denying her benefits. If she has them, she must attach the administrative law judge's decision, and the appeals council's notice or determination, to the amended complaint. The court is including with this order a clean, blank complaint form. The plaintiff should write the word "Amended" above the words "Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration" on the first page. She should put the case number for

this case—17-cv-1806—in the space beside the words "Case No." on the first page. She should complete all of section B on page 4.

The court **ORDERS** that if the plaintiff has received an unfavorable decision on a benefits application from the Commissioner of Social Security and wants to proceed with an appeal, she shall—in time for the court to receive it by the end of the day on **June 15, 2018**—file an amended complaint providing all of the information the court discussed above. The court **ORDERS** that if the plaintiff does not file an amended complaint in time for the court to receive it by the end of the day on June 15, 2018, the court will dismiss this case for failure to prosecute it, under Civil Local Rule 41.

Dated in Milwaukee, Wisconsin this 14th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**