UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANN MINOR,

        Plaintiff,

v.

        Case No. 17-cv-1806-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff, representing herself, filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On May 14, 2018, the court issued an order finding that the defendant would not be able to afford the filing fee, but ordering the plaintiff to file an amended complaint providing more information to the court regarding "whether she filed a claim for disability benefits, when she received the final decision from the Commissioner, and how she believe[d] the Commissioner erred in denying her benefits." Dkt. No. 4 at 3. The plaintiff has complied with the court's order and filed an amended complaint. Dkt. No. 5.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Because the court has already decided that the plaintiff would not be able to pay the filing fee, it turns to step two in order to determine whether the

case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's amended complaint indicates that she has been denied benefits by the Commissioner and that she believes the commissioner erred in denying her benefits because the onset of her disease "began in September of 2013 . . . and that [her] condition has not improved enough to restore [her] previous capabilities." Dkt. No. 5 at 3. At this early stage in the case, based on the information in the plaintiff's complaint, and taking into consideration that the plaintiff does not have the services of an attorney, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
