# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEANN MINOR,

                Plaintiff,

     v.                                                Case No. 17-CV-1806

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

                Defendant.

## DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

### 1. Introduction

Plaintiff Leann Minor alleges that she has been disabled since September 17, 2013, because of right eye optic nerve neuritis that resulted in intermittent dizziness and headaches. (Tr. 35.) On December 2, 2013, she applied for disability insurance benefits. (Tr. 32.) Her claim was denied initially on April 24, 2014 and upon reconsideration on December 16, 2014. (*Id.*) A hearing was held before an administrative law judge (ALJ) on September 19, 2016 (Tr. 45-74). On October 12, 2016 the ALJ issued a written decision concluding she was not disabled. (Tr. 32-40.) The Appeals Council denied Minor's request for review on November 22, 2017 (Tr. 1-4).

This action followed. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 3, 7), and this matter is ready for resolution.

2. **ALJ's Decision**

In determining whether a person is disabled an ALJ applies a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). The ALJ found that Minor "engaged in substantial gainful activity during the following periods: October 1, 2014 to present[.]" (Tr. 34.) The ALJ went on to state, "However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity." (*Id*.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic activities. 20 C.F.R. § 404.1522(a). The ALJ concluded that Minor has the following severe impairments: "right eye optic neuritis with intermittent dizziness, headaches, and obesity[.]" (Tr. 35.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "The Listings").

20 C.F.R. § 404.1520(a)(4)(iii). If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. § 404.1505(a), the claimant is disabled. 20 C.F.R. § 404.1520(d). The ALJ found that Minor "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" (Tr. 35.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. § 404.1545(a)(1). In making the RFC finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 404.1545(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Minor has the RFC

> to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b). She is limited to occupations requiring no peripheral acuity on the right and only occasional depth perception. She can never climb ladders, ropes, or scaffolds and never balance. She can have no exposure to unprotected heights and dangerous moving machinery. She is likely to be off task less than 10 percent of the workday.

(Tr. 35.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560. The ALJ concluded that Minor "is capable of performing past relevant work as a general clerk DOT 209.562-010, which is

3

semi-skilled (SVP 3), light exertional work as performed in the general economy, and is sedentary exertional work as the claimant actually performed it. In either case, this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity[.]" (Tr. 38.) Alternatively, at step five, 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), the ALJ found that there were jobs that existed in substantial numbers in the national economy that she could perform. (Tr. 39-40.) In reaching that conclusion, the ALJ relied on testimony from a vocational expert (VE). After finding that Minor could perform work in the national economy, the ALJ concluded she was not disabled. (Tr. 40.)

**3. Standard of Review**

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial

evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder*, 529 F.3d at 413).

4. **Analysis**

The ALJ found that Minor's impairments precluded her from jobs that required peripheral acuity on her right side, balancing, or required more than occasional depth perception. (Tr. 35.) The ALJ included these limitations in the hypothetical she presented to the vocational expert (Tr. 71-72), and the ALJ identified jobs as laundry folder, housekeeper, and cashier as jobs she could perform.

It is important to emphasize that only Minor's ability to work during the period between September 17, 2013, and October 1, 2014, is at issue. Minor highlights certain aspects of the medical evidence, specifically:

- Plaintiff admitted to the hospital on September 13, 2013 for vision loss.
- Dizziness noted in medical records in January of 2014
- Doctor visits in April of 2015 and June of 2015 support 7 Vascular Rehab Training visits at Froedtert Health Center for Advanced Care to help with dizziness and imbalance.
- Records support reported issues looking at computer screens, increased dizziness and near falls
- Therapy discontinued due to lack of improvement
- As of April 5, 2017, disability application for the condition had already been submitted a year earlier.
- Plaintiff constantly reports a fear of falling as well as reports of an actual fall.

5

(ECF No. 14 at 1.) Much of this evidence is after the relevant period and reflects Minor's condition when she was engaged in substantial gainful activity. In this regard, the evidence is only minimally relevant to Minor's condition during the relevant period.

Moreover, because a disability must last for at least 12 continuous months to qualify for benefits, *see* 20 C.F.R. § 404.1505(a), SSR 82-52, Minor would not be disabled if she was able to work as of September 16, 2014, even if she was incapable of working during the entire preceding period.

The heart of Minor's argument is that she was not capable of doing the jobs that the ALJ identified. (ECF No. 14 at 1-2.) Aside from her past relevant work as a general clerk, the ALJ concluded that Minor was able to work as a laundry folder (DOT 369.687-018), housekeeper (DOT 323.687-014), and cashier II (DOT 211.462-010). (Tr. 38-40.) In taking issue with the conclusion that she can perform these jobs, Minor argues:

1. Folding laundry requires hand eye coordination, unimpaired vision ability to balance, stand and move about to retrieve garments.
2. Housekeeping requires constant movement, hand eye coordination, ability to pay attention to detail in cleaning, unimpaired vision. No bouts of dizziness.
3. Cashiering, the most important requirement in [sic] unimpaired and unobstructed vision so that money is counted correctly, hand eye coordination, the ability to move about freely and think quickly without compromised vision.

Each vocation requires concentration, receptiveness, hand eye coordination, ability to stand and move freely and pay attention to detail. These would all be very difficult for the plaintiff suffering from Neuroretinitis and who is in constant fear for safety and concerned in falling.

(ECF No. 14 at 1-2.)

Minor waived any challenge to the vocational expert's opinions by not raising it at the hearing before the ALJ. *See Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) (finding that claimant forfeited his arguments regarding the vocational expert's testimony "by failing to object to the expert's testimony during the [administrative] hearing"); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("Where, as here, the [vocational expert] identifies a significant number of jobs the claimant is capable of performing and this testimony is uncontradicted (and is otherwise proper), it is not error for the ALJ to rely on the [vocational expert's] testimony.").

More importantly, the ALJ's conclusion that Minor was not disabled did not depend on her finding that Minor could perform these new jobs. Rather, relying on the vocational expert's testimony, the ALJ found that Minor was capable of her past relevant work. The vocational expert characterized her as performing this at the sedentary level, meaning that she was able to generally sit and was not required to do more than minor lifting, *see* SSR 83-10. If Minor is arguing that, despite the ALJ including a "no balancing" limitation in her hypothetical, the laundry folder, housekeeper, and cashier jobs did not account for her fear of falling, a sedentary job like her past relevant work would accommodate such a limitation.

As for Minor's complaints of dizziness, these complaints were not particular to the relevant period. Minor's medical records reflect complaints of dizziness before (*see*,

*e.g.,* Tr. 237 (Oct. 6, 2012); 244 (Jan. 21, 2013); 254 (Feb. 4, 2013)) during (*see, e.g.,*Tr. 273-77 (Dec. 1, 2013); 254-57 (Jan. 3, 2014); 358-61 (Feb. 14, 2014); 377-81 (March 28, 2014); 382 (May 23, 2014); 386-89 (Sept. 19, 2014)), and after (*see, e.g.*, Tr. 390-91 (Nov. 7, 2014); 411 (Jan 16, 2015) 416-20 (Apr. 10, 2015); 421-24 (Apr. 24, 2015); 425-26 (May 8, 2015); 426-27 (May 15, 2015); 427-28 (May 29, 2015); 428-29 (June 5, 2015); 430 (June 12, 2015); 431-33 (June 19, 2015); 434 (July 24, 2015); 439 (Dec. 4, 2015)) the relevant period. There is no reason to conclude that Minor's dizziness was especially severe and, therefore, work preclusive during the relevant period. And, in any event, this symptom and her related fear of falling were addressed by the fact that her past relevant work was performed at the sedentary level.

In sum, the court finds that the ALJ's decision is supported by substantial evidence, and Minor has not demonstrated that the ALJ committed an error of law. Consequently,

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **affirmed**. The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate

Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 9th day of March, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge